IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**QUINTON SETTLES,**                                                                       **PLAINTIFF**
**ADC #160480**

V.                           CASE NO. 5:18-CV-256-DPM-BD

**WENDY KELLY,** *et al.*                                                                 **DEFENDANTS**

RECOMMENDED DISPOSITION

I.   Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Settles may file written objections for Judge Marshall to consider, if he wishes to do so. His objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Settles may waive any right to appeal questions of fact.

II.  Discussion

A.  Background

Quinton Settles, an Arkansas Department of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his initial complaint, he alleged that he was charged with, and convicted of, a false

disciplinary without due process of law; and that he was held in punitive isolation beyond the sentence imposed by the disciplinary hearing officer.

Because it was unclear exactly what punishment Mr. Settles received as a result of the disciplinary conviction at issue, the Court directed him to file an amended complaint stating the punishment imposed as a result of the disciplinary conviction, the punishment he actually served, and the number of days he spent in punitive isolation after the imposed sentence expired. (#5) Mr. Settles filed his amended complaint, as ordered. (#6)

B.  Analysis

Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Here, Mr. Settles alleges that he was sentenced to thirty days in punitive isolation and that his classification level was reduced. He also alleges that he served nine days in punitive isolations after his sentence expired.

Taking all of the allegations in the complaint and amended complaint as true, the penalties imposed here are not severe enough to constitute a violation of Mr. Settles's liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level and thirty days in punitive segregation is not an atypical and significant hardship); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative

segregation); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Under settled law, the temporary changes in the conditions of Mr. Settles's confinement, including the nine days that he spent in isolation after his disciplinary sentence expired, do not rise to the level of a constitutional due process violation.[1]

### III. Conclusion

The Court recommends that Mr. Settles's claims be DISMISSED, without prejudice. The Court also recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED, this 23rd day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Mr. Settles complains that Defendants violated ADC policy in failing to respond to his disciplinary appeal in a timely manner, this claim also fails. **Error! Main Document Only.**The prison's failure to follow its own policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).